Filed 7/1/15  P. v. Hass CA4/1

**OPINION ON TRANSFER FROM THE CALIFORNIA SUPREME COURT**


**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D058263 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD225553) |
| CHRISTOPHER HASS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Charles R. Gill, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General; Julie L. Garland, Assistant Attorney General, Steve Oetting and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

This case, which concerns an *Apprendi*[1] challenge to residency restrictions imposed on sex offender registrants, has been transferred back to this court by the California Supreme Court for reconsideration in light of *People v. Mosley* (2015) 60 Cal.4th 1044 (*Mosley*).

Christopher Hass pled guilty to criminal threats, stalking, and harassment, and the trial court sentenced him to prison. The trial court also ordered him to register as a sex offender under the discretionary registration statute applicable when the court finds the defendant committed an offense due to sexual compulsion or for sexual gratification. (Pen. Code,[2] § 290.006.) On appeal to this court, Hass challenged the discretionary sex offender registration order. He argued it was imposed in violation of his *Apprendi* jury trial rights because the trial court made factual findings that resulted in a punishment exceeding the maximum punishment otherwise authorized by a jury verdict or guilty plea. He contended the sex offender registration order was punitive in nature, so as to trigger *Apprendi* principles, because it required him to comply with the residency restrictions imposed on sex offender registrants under section 3003.5, subdivision (b).

In our original decision, we concluded the residency restrictions were punitive if imposed for a lifetime (as opposed to solely during a parole period), and accordingly a lifetime residency restriction could not be imposed based on factual findings made by the court. We upheld the sex offender registration order on the basis that it was not punitive

---

[1] *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*).

[2] Subsequent undesignated statutory references are to the Penal Code.

and it was severable from the residency restriction. We modified the judgment to state a lifetime residency restriction could not be imposed on Hass. Subsequent to our decision in Hass's appeal, the California Supreme Court decided in *Mosley* that a sex offender residency restriction is *not* a penalty within the meaning of *Apprendi*. Based on *Mosley*, we affirm the judgment in its entirety.

## FACTUAL AND PROCEDURAL BACKGROUND

Hass was charged with 12 counts of making criminal threats and stalking, and one count of misdemeanor harassment by telephone. According to the prosecution's evidence, from 2007 to 2010, Hass repeatedly sent letters and made phone calls to nine women at their place of employment in which he made demands and threatened physical violence (including sexual violence) if the women did not comply with his demands.

Hass pled guilty to nine of the counts (four counts of stalking, four counts of making criminal threats, and one count of harassment by telephone) in exchange for dismissal of the remaining counts. The court sentenced Hass to seven years eight months in prison. The court also exercised its discretion to order that Hass register as a sex offender, finding that Hass's behavior was motivated by "underlying sexual fantasies" and there was a danger of ongoing behavior as shown by the duration of the incidents and the fact he had engaged in similar incidents in the past.

## DISCUSSION

The lifetime sex offender registration requirement imposed under section 290 is mandatory for a defendant convicted of a statutorily-specified sex offense (§ 290, subd. (c)), and discretionary for a defendant convicted of any other offense if the court finds the

3

defendant "committed the offense as a result of sexual compulsion or for purposes of sexual gratification" (§ 290.006). Section 3003.5 imposes residency restrictions on sex offender registrants, stating: "Notwithstanding any other provision of law, it is unlawful for any person for whom registration is required pursuant to Section 290, to reside within 2000 feet of any public or private school, or park where children regularly gather." (§ 3003.5, subd. (b).)

In his original appeal, Hass argued that because the trial court made the sexual-compulsion findings needed to support imposition of the discretionary sex offender registration requirement, his *Apprendi* jury trial rights were violated. Under the *Apprendi* rule, unless an exception applies, a jury must make (or a defendant must admit) all factual findings that " 'increase[] the penalty for a crime beyond the prescribed statutory maximum . . . .' " (*Mosley, supra*, 60 Cal.4th at p. 1056.) As reflected in this rule, *Apprendi* principles are not applicable unless the consequence imposed on the defendant involves a *penalty*. (*Mosley*, at pp. 1056, 1062.) Hass recognized in his original appeal that it was well established that the sex offender *registration* requirement was not viewed as a penalty (see *id*. at p. 1054), but he asserted the *residency restriction* was punitive in nature so as to trigger application of *Apprendi*.

In a facial challenge to the sex offender residency restrictions based on *Apprendi*, *Mosley* resolved this issue. Mosley held that *Apprendi* did not apply to sex offender residency restrictions for multiple reasons, including that the restrictions are not "an added 'penalty' for [the defendant's] conviction to which *Apprendi* applies." (*Mosley, supra*, 60 Cal.4th at pp. 1049-1050, 1062-1069.)

4

After transfer of the case to this court, Hass filed a brief conceding that we are bound by *Mosley*'s holding that the imposition of a residency restriction does not concern *Apprendi* jury trial rights. Although he reiterates his *Apprendi* challenge to the sex offender registration order, he does so to preserve his right to pursue the issue in federal courts.

Based on *Mosley*, there has been no violation of Hass's jury trial rights under *Apprendi*, and we affirm the judgment in its entirety.[3]

---

[3] We note that when Hass is released from prison on parole, any imposition of the sex offender residency restrictions on him must comport with the dictates of the California Supreme Court in *In re Taylor* (2015) 60 Cal.4th 1019. In *Taylor* (decided the same date as *Mosley*), the court resolved an as-applied challenge to the constitutionality of the section 3003.5 sex offender residency restrictions for San Diego County parolees, holding the residency restrictions could not be applied in blanket fashion to all sex offender registrants on parole; however, residency restrictions could be imposed on a case-by-case basis as a condition of parole "as long as they are based on, and supported by, the particularized circumstances of each individual parolee." (*Id.* at pp. 1023, 1042.)

DISPOSITION

The judgment is affirmed.


                                                                            HALLER, J.


WE CONCUR:


McCONNELL, P. J.


AARON, J.